UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUKE J. CARRERO, AV40985,

Petitioner,

v.

CHARLES W. CALLAHAN, Warden,

Respondent.

Case No. 18-cv-02108-SK (PR)

**ORDER TO SHOW CAUSE**

(ECF Nos. 2 & 6)

Petitioner, a state prisoner incarcerated at Chuckawalla Valley State Prison (CVSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Santa Clara County Superior Court. He also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

The petition is properly before the undersigned for initial review because petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Petitioner was convicted by a jury of one count of oral copulation with a child 10 years of age or younger, three counts of aggravated sexual assault of a child under the age of 14 by oral copulation, one count of aggravated sexual assault of a child under the age of 14 by sodomy, one count of aggravated sexual assault of a child under the age of 14 by rape, and six counts of lewd or lascivious acts by force or fear. On December 5, 2014, petitioner was sentenced to an indeterminate term of 90 years to file in state prison consecutive to a determinate term of 8 years.

On January 9, 2017, the California Court of Appeal affirmed the judgment of the trial court and, on March 22, 2017, the Supreme Court of California denied review.

**DISCUSSION**

A.    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B.    <u>Claims</u>

Petitioner seeks federal habeas corpus relief by raising the following claims: (1) judicial bias/misconduct, (2) conditions in county jail impaired/prevented petitioner from assisting in his defense, (3) denial of right to present a complete defense, (4) cumulative error, (5) ineffective assistance of counsel at sentencing, and (6) ineffective assistance of counsel on appeal. Liberally construed, the claims appear arguably cognizable under § 2254 and merit an answer from respondent. <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe <u>pro se</u> petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.    Petitioner's request to proceed IFP (ECF No. 2 & 6) is GRANTED.

2.    The clerk shall serve (1) a copy of this order, (2) the petition and all attachments thereto, and (3) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service), on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3.    Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

1    Respondent shall file with the answer and serve on petitioner a copy of all portions of the state
2    trial record that have been transcribed previously and that are relevant to a determination of the
3    issues presented by the petition.

4    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
5    court and serving it on respondent within 30 days of his receipt of the answer.

6    4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
7    answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
8    2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or
9    statement of non-opposition not more than 28 days after the motion is served and filed, and
10   respondent must serve and file a reply to an opposition not more than 14 days after the opposition
11   is served and filed.

12   5.    Petitioner is reminded that all communications with the court must be served on
13   respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also
14   keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: April 30, 2018

_____
SALLIE KIM
United States Magistrate Judge