UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE J. CARRERO, Petitioner, v. WARDEN, CHUCKAWALLA VALLEY STATE PRISON, Respondent. | Case No. 18-cv-02108-HSG <br><br> **ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO EXHAUST; DENYING CERTIFICATE OF APPEALABILITY** <br><br> Re: Dkt. No. 12 |

Petitioner, a state prisoner presently incarcerated in Chuckawalla Valley State Prison, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Respondent has filed a motion to dismiss the petition for failure to exhaust state remedies. Dkt. No. 12. Petitioner has not filed an opposition and the deadline to do has long passed. For the reasons set forth below, Respondent's motion to dismiss is GRANTED.

**DISCUSSION**

**A.  Procedural History**

In October 2014, a Santa Clara County jury found Petitioner guilty of one count of oral copulation with a child 10 years of age or younger (Cal. Penal Code § 288.7(b)), three counts of aggravated sexual assault of a child under the age of 14 by oral copulation (Cal. Penal Code § 269), one count of aggravated sexual assault of a child under the age of 14 by sodomy (Cal. Penal Code § 269), one count of aggravated sexual assault of a child under the age of 14 by rape (Cal. Penal Code § 269), and six counts of lewd or lascivious acts by force or fear (Cal. Penal Code § 288(b)(1)). Dkt. No. 12 at 9. On December 5, 2014, Petitioner was sentenced to an indeterminate term of 90 years to life, consecutive to a determinate term of eight years. Dkt. No. 12 at 9, 43.

Petitioner appealed his conviction, arguing that he was deprived of his constitutional right to trial by an impartial jury, and that his sentence constitutes cruel and unusual punishment in violation of the federal and state constitutions. Dkt. No. 12 at 9–10. The state appellate court rejected Petitioner's arguments, and affirmed the conviction. Dkt. No. 12 at 9–31. On February 13, 2017, Petitioner filed a petition for review with the California Supreme Court, challenging his conviction on the same two grounds in raised in his appeal. Dkt. No. 12 at 32–62. On March 22, 2017, the California Supreme Court denied review. Dkt. No. 12 at 64.

On April 6, 2018, Petitioner filed the instant habeas petition, wherein he raised six grounds for federal habeas relief: (1) judicial bias; (2) denial of due process and a fair trial because Petitioner was unable to assist his defense due to severe sleep deprivation caused by the jail's schedule for sleeping and transport to court; (3) denial of right to present a complete defense because of evidentiary rulings; (4) cumulative error; (5) ineffective assistance of counsel at sentencing; and (6) ineffective assistance of appellate counsel for failing to raise or explore the above grounds as bases for challenging his conviction. *See* Dkt. No. 1. Petitioner acknowledges that these grounds were not previously presented to any court, but states that it was because appellate counsel was ineffective. Dkt. No. 1 at 6.

**B.     Legal Standard**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution," *Duncan v. Henry*, 513 U.S. 364, 368 (1995), and must be given an opportunity to rule on the claims even if review is discretionary, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). The exhaustion-of-state-remedies doctrine "reflects a policy of federal-state comity" designed to give a State "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v.*

*Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). The court generally may not grant relief on an unexhausted claim. *See* 28 U.S.C. § 2254(b)(1).

**C.    Analysis**

It is undisputed that Petitioner has not previously presented the six grounds in the instant habeas petition to the California Supreme Court. Accordingly, he did not exhaust state remedies for these claims. *Duncan*, 513 U.S. at 365–66. Petitioner has not responded to the motion to dismiss. To the extent that Petitioner is arguing that appellate counsel's ineffective assistance excuses his failure to exhaust, this argument fails because such an ineffective assistance of counsel must still first be exhausted in state court before it can excuse a failure to exhaust. *See Arrendondo v. Neven*, 763 F.3d 1122, 1140 (9th Cir. 2014) (finding that petitioner's failure to bring state postconviction petition raising either his federal compulsory process claim on the merits, or claim of ineffective assistance of appellate counsel with respect to the compulsory-process issue, bars consideration of that claim in federal habeas). There is nothing in the record indicating that Petitioner has presented his ineffective assistance of appellate counsel to the California Supreme Court, or that the failure to exhaust should be excused. *See*, *e.g.*, 28 U.S.C. § 2254(b)(1)(B)(i)-(ii) (exhaustion excused if either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant").

Because the instant petition contains only unexhausted claims and there is nothing in the record indicating that the failure to exhaust should be excused, the Court must dismiss the petition. *See Rose*, 455 U.S. at 510.

**CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss for failure to exhaust state remedies is GRANTED. Dkt. No. 12. The instant petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies. This dismissal is without prejudice to Petitioner's returning to federal court after exhausting his state court remedies

3

by presenting his claims to the California Supreme Court.

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

Dated: 2/5/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge